**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WALLACE MOORER,
Plaintiff-Appellant,

v.                                                               No. 97-1721

RIS PAPER COMPANY, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CA-96-2210-PJM)

Argued: December 4, 1997

Decided: January 20, 1998

Before WILKINS and HAMILTON, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Patrick Deeds, KESTELL & ASSOCIATES,
Falls Church, Virginia, for Appellant. Patrick Milton Pilachowski,
SHAWE & ROSENTHAL, Baltimore, Maryland, for Appellee. **ON
BRIEF:** James L. Kestell, KESTELL & ASSOCIATES, Falls
Church, Virginia, for Appellant. Francis W. Connolly, SHAWE &
ROSENTHAL, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wallace Moorer appeals a decision of the district court granting summary judgment to Ris Paper Company, Incorporated (Ris) on Moorer's federal claim of racial discrimination, see 42 U.S.C.A. § 2000e-2(a)(1) (West 1994), and his state-law claim of breach of contract. Finding no error, we affirm.

I.

Moorer was employed by Ris from 1970 until 1995. In April 1995, Moorer engaged in a physical altercation with David Maddux, an employee of a company that performed cleaning services for Ris. According to Moorer's version of the incident, after Maddux uttered a racial epithet Moorer seized Maddux by the lapels, held him briefly, and released him. Moorer later complained to Maddux's employer, who apologized for the incident.

Moorer's supervisors learned of the incident several weeks later when it was reported by a Ris employee. Moorer was suspended pending an investigation of the incident. After Moorer's supervisors interviewed Maddux and two Ris employees who had witnessed the incident, they summoned Moorer to a meeting. At the meeting, Moorer was requested to fill out forms relating his version of the events. When Moorer refused to fill out the forms without first having his attorney review them, he was terminated for fighting on company premises and for insubordination.

Shortly thereafter, Moorer filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that he had been discriminatorily disciplined on the basis of his race. After the EEOC issued a right-to-sue letter, Moorer commenced this action, alleging a federal claim for racial discrimination and a state-law claim for

2

breach of contract. The district court granted summary judgment to Ris on both counts. First, the court concluded that Moorer had failed to establish a prima facie case of racial discrimination because he could not show that white employees who had engaged in misconduct similar to his own were disciplined less severely. The court further concluded that even if Moorer had satisfied the requirements of a prima facie case of discrimination, Ris had advanced a legitimate, nondiscriminatory reason for the termination and Moorer had failed to set forth evidence tending to show that this reason was a mere pretext for discrimination. With respect to the claim for breach of contract, the district court concluded that Moorer had not established the existence of a contractual right.

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly granted summary judgment to Ris. Accordingly, we affirm on the reasoning of the district court. See Moorer v. Ris Paper Co., No. 96-2210 (D. Md. Apr. 29, 1997).

AFFIRMED